**Virgil LONG, et al., Plaintiffs,**

v.

**Michael J. GAINES, et al., Defendants.**

**No. 01–0010 (EGS).**

United States District Court,
District of Columbia.

Nov. 21, 2001.

Laura L. Rose, D.C. Public Defender Service, Washington, DC, Douglas W. Baruch, Steven Clifford Parker, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for plaintiffs.

Michael Anthony Humphrey, U.S. Attorney's Office, Washington, DC, for defendants.

## REMEDIAL ORDER AND JUDGMENT

SULLIVAN, District Judge.

On September 27, 2001, this Court entered a comprehensive Memorandum Opinion and Order setting forth findings of fact and conclusions of law holding that the United States Parole Commission's parole revocation regulations, practices, and procedures violate the requirements of the Due Process Clause of the Fifth Amendment of the United States Constitution as set forth by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 484–86, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). At that time, the Court withheld the entry of final

judgment, pending the submission of a proposed compliance plan by defendants. On October 12, 2001, defendants submitted a proposed plan for complying with the mandates of the Constitution and this Court's Memorandum Opinion and Order. Plaintiffs subsequently filed objections to the plan, and on November 13, 2001, the Court held a hearing relating to the scope of relief to be ordered. In order to fully respond to the issues raised at the November hearing, the parties submitted further briefs and proposed orders.

Upon consideration of the defendants' proposed compliance plan, the plaintiffs' objections thereto, the parties' proposed orders, the arguments of counsel at the November 13, 2001 hearing, and in light of the Court's September 27, 2001 Opinion and Order, the Court has determined that it is appropriate to grant final judgment and enter a permanent injunction against defendants. Furthermore, the Court will retain jurisdiction over this matter to ensure that defendants comply with the requirements of the Constitution and this Court's Memorandum Opinion and Order.

### The U.S. Parole Commission's Compliance Plan

On October 12, 2001, defendants submitted an ambitious plan for complying with this Court's Memorandum Opinion and Order and the requirements of the Constitution. The plan sets forth new procedures to ensure that parole revocation proceedings will occur in a timely fashion and will comport with due process of law. Specifically, defendants propose the following:

- Parolees arrested for alleged violations will receive a probable cause hearing no later than five days after the parolee's arrest.
- Full revocation hearings will occur between 50 and 65 days from arrest.
- Prior to the revocation hearing the Commission will disclose to the parol-

ee all the evidence it intends to consider in determining whether a violation occurred and whether to revoke parole.

- A final determination and notice of action will be given to the parolee no later than 86 days after arrest.

The Plan includes other procedural mechanisms designed to protect the rights of parolees. Plaintiffs do not object to these substantive requirements proposed by defendants.

The Court is satisfied that the U.S. Parole Commission's Plan sets forth procedures that comply with due process as explained by *Morrissey v. Brewer.* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Court once again commends defendants for recognizing and accepting that its current procedures violate parolees' constitutional rights, and for submitting a plan that attempts to remedy the substantial problems that the Commission has faced and continues to face.

### Oversight and Compliance

In light of the Parole Commission's willingness to assist the Court in formulating a proposal to comply with the Court's Memorandum Opinion and Order, the Court is cautiously optimistic that the Parole Commission will soon fully implement its proposed Plan and comply with the requirements of the Constitution. However, the lessons of past attempts at institutional reform weigh heavily against the easy implementation of change at this institution. Furthermore, as plaintiffs correctly point out, the task of remedying the pervasive and long-standing constitutional violations by the Commission detailed in the Court's Memorandum Opinion and Order, will be a challenging one in light of the Commission's current budget and resource constraints.

The Court is confident that the Commission will rise to meet this challenge. However, it is necessary for the Court to retain jurisdiction to monitor the Commission's progress and ensure that the present constitutional defects are remedied. The parties agree that a certain period of continued oversight by the Court is appropriate. The parties disagree, however, as to when that continued jurisdiction should be terminated.

Defendants have suggested that the Court retain jurisdiction to monitor the Commission's compliance for six months from the date of this Order. Plaintiffs, on the other hand, argue that the Court should retain jurisdiction for six months from the time that the Commission demonstrates full compliance with the requirements of the Constitution.

Rather than set a deadline for compliance at this point, the Court will monitor the Commission's progress for at least the next eight months. The Commission shall submit monthly progress reports to the Court and to plaintiff's attorneys. At the end of this eight-month time period, the Court will hear from the parties as to the status of the Commission's compliance with the Plan and this Court's Order.

## Conclusion

Having previously held that the U.S. Parole Commission's regulations, practices, and procedures with respect to parole revocation violate the Fifth Amendment of the United States Constitution, it is hereby

**ORDERED** that the Clerk of the Court enter **FINAL JUDGMENT** against defendants and in favor of plaintiffs; it is

**FURTHER ORDERED** that defendants are permanently enjoined to implement and comply with the Plan submitted to the Court on October 12, 2001, a copy of which is attached to this Order; it is

**FURTHER ORDERED** that implementation of the Plan shall commence immediately; it is

**FURTHER ORDERED** that defendants shall promulgate amendments to their regulations as necessary to bring those regulations into conformity with the Plan, this Order, the Order of September 27, 2001, and the United States Constitution, no later than 60 days from the date of this Order; it is

**FURTHER ORDERED** that defendants shall serve on the Court and on plaintiffs' counsel any proposed amendments to the Commission's regulations; it is

**FURTHER ORDERED** that plaintiffs shall have two weeks following the Commissions' proposal of any amended regulations to file with the Court any objections based on lack of compliance with this Court's Order of September 27, 2001 or with the Commission's proposed compliance Plan; it is

**FURTHER ORDERED** that defendants shall submit monthly reports commencing 30 days after the entry of this Order detailing the Commission's implementation of the Plan and compliance, or lack thereof, with the Plan's deadlines for probable cause determinations, revocation hearings, and the issuance of final notices of action; it is

**FURTHER ORDERED** that a hearing on compliance will be held on **Friday, July 19, 2002** at **10:00 a.m.** in **Courtroom One**; it is

**FURTHER ORDERED** that defendants shall file with the Court an overall compliance status report and argument for continuation or termination of oversight no later than **Monday, May 20, 2002**. Plaintiffs shall file a response by later than **Friday, June 21, 2002**. Defendants shall file a reply by no later than **Friday, July**

5, 2002. These deadlines shall not be extended; it is

**FURTHER ORDERED** that the parties may apply to the Court, via motion properly served on all parties, for additional hearings regarding the adequacy of the monthly reports to the Court or the sufficiency of the regulations and practices promulgated by the Commission to implement this Order; it is

**FURTHER ORDERED** that the Court shall retain jurisdiction to enforce the terms of this injunction until further order of the Court.

**IT IS SO ORDERED.**