Virgil LONG, et al., Plaintiffs,

v.

Michael GAINES, et al., Defendants.

No. CIV.A. 01–0010(EGS).

United States District Court,
District of Columbia.

Dec. 17, 2002.

Douglas W. Baruch, Steven C. Parker Fried, Frank, Harris, Shriver & Jacobson, Ronald S. Sullivan Jr. Lisa Guffey, Giovanna Shay, Public Defender Service for DC, Washington, DC, for Plaintiffs.

Roscoe C. Howard Jr., United States Attorney, Mark E. Nagle, Assistant United States Attorney, Jane M. Lyons, Assistant United States Attorney, Washington, DC, for Defendants.

## PROPOSED CONSENT DECREE AND ORDER

SULLIVAN, District Judge.

Whereas the United States Parole Commission ("Commission") has demonstrated its willingness and ability to comply with the time limitations for processing revocation cases as set forth in the Court's Memorandum Opinion and Order of September 27, 2001 (see *Long v. Gaines,* 167 F.Supp.2d 75 (D.D.C.2001)), and the Compliance Plan approved by the Court in its Remedial Order and Judgment dated November 21, 2001 (see *Long v. Gaines,* 173 F.Supp.2d 35 (D.D.C.2001)), Plaintiffs, Virgil Long *et al.,* on behalf of a class of D.C.Code parolees confined (or subject to confinement) on parole violation warrants, and Defendants, Michael Gaines, Commissioner of the United States Parole Commission, *et al.,* ("Commission") now wish to compromise and settle all matters between them. Finding that this Consent Decree is fair, adequate, and reasonable, the Court hereby accepts and enters the following agreement of the parties as an Order of this Court:

1. The Court hereby vacates the September 27, 2001 Order, the November 21, 2001, Remedial Order and Judgment, and the July 22, 2002 Order in this case in their entirety as moot, and enters this Consent Decree and Order in their place.

2. Within thirty business days of the entry of the Order of this Court vacating its Orders and Judgment as provided in ¶ 1, the Commission will convert its interim regulations governing revocation proceedings for D.C.Code parolees arrested in the District of Columbia, currently codified at 28 C.F.R. § 2.98 *et seq.*, into final regulations applicable to all D.C.Code parolees arrested in the "Washington, D.C. Metropolitan Area," as defined by Attachment A. However, the parties expressly recognize that it may not be feasible for the Commission to apply the Compliance Plan imposed by the Court in all jurisdictions comprising the Washington, D.C. Metropolitan Area. In order to ensure that revocation proceedings outside the District of Columbia are carried forward as expeditiously as possible, the Director of the United States Marshals Service will, at the Commission's request, issue the following instructions to the United States Marshals throughout the United States. When a parolee under the Commission's jurisdiction has been arrested pursuant to a parole violation warrant in any jurisdiction outside the District of Columbia, the United States Marshal will: (a) notify the Commission on the day of the arrest, or the next business day following the arrest, and (b) bring the parolee within 48 hours of arrest or as soon thereafter as possible, to a facility at or reasonably near the place of the alleged parole violation or arrest, where the parolee can be given a hearing (or preliminary interview if the parolee is arrested outside the Washington, D.C. Metropolitan Area) to determine probable cause. Based on this policy, the Commission will include in the above-referenced final regulations a requirement that a probable cause hearing for a D.C.Code offender who is arrested outside of the District of Columbia, but within the Washington, D.C. Metropolitan Area, be conducted by an examiner of the Commission within five days of the parolee's arrival at a facility where probable cause hearings are conducted. If the examiner finds probable cause, the examiner shall schedule a final revocation hearing to be held within 65 days of the parolee's arrest. The case of a parolee who is arrested outside the Washington D.C. Metropolitan Area is covered by Paragraph 5 of this Decree. The Commission will make its best efforts to maintain the cooperation of the U.S. Marshals throughout the United States with the letter of instructions issued by the Director of the U.S. Marshals Service, which is described above.

3. Pursuant to Fed. R.App. P. 42(b), within five business days of this Court's vacating its Orders as provided in ¶ 1, the parties will file a signed agreement dismissing the appeal taken to the United States Court of Appeals for the District of Columbia Circuit of the Court's Orders of September 27, 2001 and November 21, 2001 *Gaines et al. v. Long et. al.*, Case No. 02–5034.

4. Once the Commission has issued final regulations in accordance with this Consent Decree, the Commission will maintain the specific time deadlines and the basic procedures provided in its rules for D.C.Code offenders in the Washington, D.C. Metropolitan Area, but the Commission expressly reserves the right to amend and supplement all of its rules, from time to time, in the light of changed circumstances, in order to improve or maintain the Commission's ability to meet those time deadlines and carry out those procedures. Plaintiffs reserve the right to challenge in this Court, or any other appropriate forum, amendments that affect the timing of or basic procedures for the parole revocation process for D.C.Code offenders or any provision of this Consent Decree.

5. The Commission's regulations applicable to U.S.Code parolees, currently codi-

fied at 28 C.F.R. § 2.48 *et seq.*, will apply to D.C.Code parolees who are arrested on parole violation warrants outside the Washington, D.C. Metropolitan Area. In the application of these regulations, the Commission will adhere to the following policy with regard to preliminary interviews to determine probable cause, in keeping with the instructions given by the Director of the U.S. Marshals Service referenced in ¶ 2, above. Upon notification from a U.S. Marshal of the arrest of such a parolee, the Commission will, without delay, request the appropriate local U.S. Probation Office (or other designated official) to conduct a preliminary interview for such parolee within 3 to 5 days of receipt of such notification by the Commission, unless exceptional circumstances require additional time not to exceed 10 days. The Commission will notify all U.S. Probation Offices of the Commission's policy in this regard, and shall make its best efforts to ensure that the U.S. Probation Officers comply with it. Nothing in this Consent Decree constitutes an admission by Defendants or a finding by the Court that D.C.Code parole violators arrested outside of the District of Columbia on warrants of the Commission are members of the class of plaintiffs certified by the Court.

6. Nothing in this Consent Decree constitutes an admission by the Plaintiffs that the Commission's regulations governing revocation proceedings for U.S.Code offenders, or the Commission's customs and practices applying those regulations, comport with the requirements of the U.S. Constitution or other applicable law. The parties agree that nothing in this Consent Decree shall act as a bar to any claims that might be raised in a court of competent jurisdiction on behalf of D.C.Code parolees arrested on parole violation warrants outside of the Washington, D.C. Metropolitan Area.

7. Nothing in this Consent Decree shall constitute an admission by the Defendants or a finding by the Court that any provision of the Commission's rules which are to be promulgated pursuant to this Consent Decree are required by the U.S. Constitution.

8. The place of arrest—whether within or outside of the Washington, D.C. Metropolitan Area as described in Attachment A—will determine whether the regulations referenced in ¶ 2 or the regulations referenced in ¶ 5 apply to revocation proceedings for a given D.C.Code offender arrested on a parole violation warrant of the Commission, as defined in 28 C.F.R. § 2.98 as of the date of entry of this Consent Decree.

9. The parties, through counsel, will review the status of all D.C.Code parole revocation proceedings for the period of six months from the date of entry of this Consent Decree to determine whether the Commission is achieving substantial compliance with its regulations and this Consent Decree. To facilitate that review, within 10 business days of the six-month anniversary of the entry of the Consent Decree, the Commission will file a status report with the Court, and serve a copy on the Plaintiffs, regarding the Commission's parole revocation proceedings for all D.C.Code offenders during the previous six months. Within 20 business days of receiving the Commission's status report, if Plaintiffs believe that the Commission has not achieved substantial compliance with its regulations and the Consent Decree, Plaintiffs may serve upon the Commission a written claim that the Commission has not achieved substantial compliance. Plaintiffs or the Commission may make proposals to bring the Commission into substantial compliance, and all parties will discuss such proposals in good faith. The period for consultation

shall not last more than 45 business days from the filing of the status report with the Court. If the parties cannot thereafter agree, Plaintiffs may then move the Court to enforce the Consent Decree; however, if Plaintiffs do not take any action to enforce this Consent Decree within two years of its entry, it shall expire automatically and be of no further force or effect.

10. Upon entry of this Consent Decree and the accompanying Stipulation of Dismissal, the Court will dismiss all claims in this case, pursuant to Fed.R.Civ.P. 41(a)(1)(ii). The terms of this Consent Decree are incorporated into the Stipulation of Dismissal, and this Court retains jurisdiction to enforce the provisions of this Consent Decree.

11. Defendants agree to pay Plaintiff's private co-counsel, Fried, Frank, Harris, Shriver & Jacobson, the sum of $288,500.00 in full and complete satisfaction of Plaintiffs' claims for fees, costs, and expenses, including attorney's fees incurred in this litigation, whether sought under 28 U.S.C. Section 2412(d) or 42 U.S.C. Section 1988, or otherwise, and whether arising before, during, or after the dismissal of this case. This amount will be paid directly to Fried, Frank, Harris, Shriver & Jacobson, 1001 Pennsylvania Avenue, N.W., Suite 800, Washington, D.C. 20004 within 120 days of the entry of this Order. Plaintiffs waive any and all other claims for fees, costs, expenses, or monetary relief of any kind.

12. This Consent Decree comprises the entire agreement between Plaintiffs and Defendants. No other representations or promises between Plaintiffs and Defendants or their respective counsel shall be of any force and effect.

**IT IS SO ORDERED**.

## ATTACHMENT A

The "Washington D.C. Metropolitan Area" shall consist of the following:

### MARYLAND

Montgomery County, Maryland

Frederick County, Maryland

Prince Georges County, Maryland

Calvert County, Maryland

Charles County, Maryland

Baltimore County, Maryland

Baltimore City, Maryland

Anne Arundel County, Maryland

Carroll County, Maryland

Howard County, Maryland

The City of Hagerstown

### VIRGINIA

Arlington County, Virginia

Clarke County, Virginia

Fairfax County, Virginia

Fauquier County, Virginia

Stafford County, Virginia

Loudoun County, Virginia

Prince William County, Virginia

King George County, Virginia

Warren County, Virginia

Alexandria City, Virginia

Fairfax City, Virginia

Falls Church City, Virginia

Manassas City, Virginia

Manassas Park City, Virginia

## STIPULATION OF DISMISSAL

Having entered into a Consent Decree in this matter contemporaneously with this Stipulation of Dismissal, the parties hereby jointly move this Court to dismiss the claims in this case pursuant to Fed. R.Civ.P. 41(a)(1)(ii). As provided in ¶ 10 of the Consent Decree, the terms of the

 

Consent Decree are incorporated into this Stipulation of Dismissal, and this Court retains jurisdiction to enforce the provisions of the Consent Decree.